**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 15 |
| | ) |
| Pacific Exploration & Production | ) Case No. 16-11189 (JLG) |
| Corporation, *et al.*,[1] | ) |
| | ) (Jointly Administered) |
| Debtors in a Foreign Proceeding. | ) |

**ORDER RECOGNIZING FOREIGN MAIN**
**PROCEEDINGS AND GRANTING ADDITIONAL RELIEF**

A hearing having been held (the "Hearing") to consider the chapter 15 petitions for each of the above-captioned debtors (the "Debtors") and the Verified Petition, filed on April 29, 2016 (the "Verified Petition," and together with the chapter 15 petitions, the "Petitions")[2] of PricewaterhouseCoopers Inc., the duly authorized foreign representative (the "Foreign Representative") of the Debtors for entry of an order pursuant to sections 105(a), 362, 1517, 1520 and 1521 of the Bankruptcy Code: (i) recognizing the Canadian Proceedings as foreign main proceedings pursuant to sections 1517 and 1520 of the Bankruptcy Code, (ii) recognizing the Foreign Representative as the "foreign representative," as defined in section 101(24) of the Bankruptcy Code, in respect of the Canadian Proceedings, (iii) recognizing and enforcing the Initial CCAA Order, (iv) granting a stay of execution against the Debtors' assets and applying section 362 of the Bankruptcy Code in these Chapter 15 Cases pursuant to sections 1520(a)(1), 1521(a) and 105(a) of the Bankruptcy Code, and (v) granting certain additional relief pursuant to

---

[1] The Debtors in the Canadian Proceedings (as defined below) are (i) Pacific Exploration & Production Corporation ("Pacific") (2064), (ii) Pacific E&P Holdings Corp. ("E&P Holdings") (2467), (iii) Meta Petroleum Corp. ("Meta") (2468), (iv) Pacific Stratus Energy Colombia Corp. ("Pacific Stratus") (7342), (v) PRE-PSIE Coöperatief U.A. ("PRE-PSIE") (1101), (vi) Pacific Stratus Energy S.A. ("Pacific Stratus Energy") (N/A), (vii) Pacific Off-Shore Peru S.R.L. ("Pacific Off-Shore Peru") (3118), (viii) Pacific Guatemala Energy Corp. ("Pacific Guatemala") (N/A), (ix) Pacific Rubiales Guatemala S.A. ("Pacific Rubiales Guatemala") (4280), (x) Petrominerales Colombia Corp. ("Petrominerales") (9614), (xi) Pacific Stratus International Energy Ltd. ("Pacific Stratus International") (0246), and (xii) Grupo C&C Energia (Barbados) Ltd. ("Grupo C&C Energia") (6765).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Verified Petition or the Initial CCAA Order (as defined in the Verified Petition), as applicable.

section 1521 of the Bankruptcy Code; and upon this Court's review and consideration of the Petitions, the Declaration of Mica J. Arlette, filed contemporaneously therewith, and the evidence admitted at the Hearing to consider the Petitions; and due and proper notice of the Petitions having been provided; and no other or further notice being necessary or required; and no objections or other responses having been filed that have not been overruled, withdrawn, or otherwise resolved; and all interested parties having had an opportunity to be heard at the Hearing; and after due deliberation and sufficient cause appearing therefor, the Court makes the following findings of fact and conclusions of law:[3]

    a.    This Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

    b.    Pursuant to Revolving Credit Facility Agreement § 10.10, Bank of America Bilateral Credit Facility Agreement § 9.10, HSBC Bilateral Credit Facility Agreement § 10.10, Bladex Bilateral Credit Facility Agreement § 8.8, and § 10.10 of each of the 5.125% Senior Notes Indenture, the 5.375% Senior Notes Indenture, the 5.625% Senior Notes Indenture, and the 7.25% Senior Notes Indenture, all holders of the debt affected by the Debtors' Canadian Proceedings have consented to the personal jurisdiction of all federal and state courts in New York, and therefore have consented to the personal jurisdiction of this Court.

    c.    This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

    d.    Venue is proper in this district pursuant to 28 U.S.C. § 1410.

---

[3] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, or any of the following conclusions of law constitute findings of fact, they are adopted as such.

e. The Foreign Representative is a "person," as such term is defined in 11 U.S.C. § 101(41).

f. The Foreign Representative is the duly appointed "foreign representative" of the Debtors, as such term is defined in 11 U.S.C. § 101(24).

g. These Chapter 15 Cases were properly commenced pursuant to 11 U.S.C. §§ 1504, 1509 and 1515.

h. The Foreign Representative has satisfied the requirements of 11 U.S.C. § 1515 and Fed. R. Bankr. P. 1007(a)(4) and 2002(q).

i. The Debtors have satisfied the eligibility requirements of 11 U.S.C. §§ 109(a) and 1517(a).

j. The Canadian Proceedings currently pending before the Canadian Court and provisions made thereunder for the protection, administration and distribution of the Debtors' assets, are "foreign proceedings," as such term is defined in 11 U.S.C. § 101(23).

k. The Canadian Proceedings are entitled to recognition by this Court pursuant to 11 U.S.C. § 1517.

l. The Canadian Proceedings are pending in the country where the Debtors' center of main interests is located, are "foreign main proceedings," as such term is defined in 11 U.S.C. § 1502(4), and are entitled to recognition as "foreign main proceedings" pursuant to 11 U.S.C. § 1517(b)(1).

m. The Foreign Representative is entitled to all the relief provided pursuant to 11 U.S.C. § 1520, without limitation.

   n.  The Foreign Representative is further entitled to all relief expressly set forth in 11 U.S.C. §§ 1521(a)-(b).

   o.  The relief granted hereby is necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the United States, and warranted under 11 U.S.C. §§ 1517, 1520, and 1521.

Now therefore, it is hereby ORDERED:

1. The Motion is GRANTED to the extent set forth herein.

2. The Canadian Proceedings are granted recognition as foreign main proceedings pursuant to 11 U.S.C. §§ 1517(a) and 1517(b)(l).

3. All relief afforded foreign main proceedings pursuant to 11 U.S.C. § 1520 is hereby granted.

4. The Initial CCAA Order, including any and all existing and future extensions, amendments, restatements, and/or supplements authorized by the Canadian Court, is hereby given full force and effect, on a final basis, with respect to the Debtors and the Debtors' property that now or in the future is located within the territorial jurisdiction of the United States, including, without limitation, (a) authorizing the Debtors to obtain credit under the DIP Financing Documents and granting the DIP Lenders the DIP Lenders' Charge (each as defined in and pursuant to the terms of the Initial CCAA Order), and (b) staying the commencement or continuation of any actions against the Debtors or its assets (except as otherwise expressly provided herein or therein).

5. Pursuant to 11 U.S.C. § 1520(a)(1), 11 U.S.C. § 362, including, without limitation, the automatic stay authorized by 11 U.S.C. § 362, shall apply with respect to the Debtors and the Debtors' property that now or in the future is located within the territorial jurisdiction of the United States; *provided* that, notwithstanding this paragraph and any other provision of the Order, upon

the occurrence of an "Event of Default" (as such term is or will be defined under the DIP Financing Documents, as applicable) under the DIP Financing Documents or the DIP Lenders' Charge (each as defined in the Initial CCAA Order), this paragraph and the other provisions of this Order shall be deemed to be automatically modified to the extent necessary to allow the DIP Lenders (as defined in the Initial CCAA Order) to exercise any rights expressly granted pursuant to the Initial CCAA Order and/or the DIP Financing Documents (to the extent approved by the Canadian Court) or as otherwise permitted by further order of the Canadian Court.

6. The Foreign Representative is authorized to operate the business of the Debtors that is the subject of the Canadian Proceedings and exercise the powers of a trustee to the extent provided by 11 U.S.C. § 1520(a)(3).

7. Pursuant to 11 U.S.C. § 1521(a)(1)-(3), all persons and entities, other than the Foreign Representative and his representatives and agents and the DIP Lenders and any trustee, administrative agent, collateral agent or other representative for and on behalf of any of the DIP Lenders under the DIP Financing Documents (the "DIP Agents") (to the extent the DIP Lenders or the DIP Agents are permitted to take actions pursuant to the Initial CCAA Order, including as set forth in Paragraph 4 hereof, or the DIP Financing Documents), are hereby enjoined (to the extent they have not been stayed under section 1520(a)) from:

    a. execution against any of the Debtors' assets;

    b. the commencement or continuation, including the issuance or employment of process, of a judicial, quasi-judicial, administrative, regulatory, arbitral, or other action or proceeding, or to recover a claim, including, without limitation, any and all unpaid judgments, settlements or otherwise against the Debtors, which in either case is in any way related to, or would interfere with, the administration of the Debtors' estates in the Canadian Proceedings;

  c. taking or continuing any act to create, perfect or enforce a lien or other security interest, setoff or other claim against the Debtors or any of their property or proceeds thereof;

  d. transferring, relinquishing or disposing of any property of the Debtors to any person or entity (as that term is defined in section 101(15) of the Bankruptcy Code) other than the Foreign Representative;

  e. commencing or continuing an individual action or proceeding concerning the Debtors' assets, rights, obligations or liabilities; and

  f. declaring or considering the filing of the Canadian Proceedings or these Chapter 15 Cases a default or event of default under any agreement, contract or arrangement;

*provided*, in each case, that such injunctions shall be effective solely within the territorial jurisdiction of the United States; and *provided further* that nothing herein shall: (x) prevent any entity from filing any claims against the Debtors in the Canadian Proceedings or (y) prevent any entity from seeking relief from the Canadian Court in the Canadian Proceedings or this Court in these Chapter 15 Cases, as applicable, for relief from the injunctions contained in the Order.

  8. Subject to the DIP Lenders' rights under the Initial CCAA Order and the DIP Financing Documents, pursuant to 11 U.S.C. § 1521(a)(5), the administration or realization of the Debtors' assets within the territorial jurisdiction of the United States is entrusted to the Foreign Representative and the Foreign Representative is hereby established as the exclusive representative of the Debtors in the United States.

  9. The Canadian Proceedings and all prior orders of the Canadian Court shall be and hereby are granted comity and given full force and effect in the United States.

10. The Foreign Representative, the Debtors and their respective agents are authorized to serve or provide any notices required under the Bankruptcy Rules or local rules of this Court.

11. No action taken by the Foreign Representative, the Debtors, or their respective successors, agents, representatives, advisors, or counsel in preparing, disseminating, applying for, implementing, or otherwise acting in furtherance of or in connection with the Canadian Proceedings, this order, these Chapter 15 Cases, or any adversary proceeding herein, or any further proceeding commenced hereunder, shall be deemed to constitute a waiver of the rights or benefits afforded such persons under 11 U.S.C. §§ 306 and 1510.

12. Notwithstanding any provision in the Bankruptcy Rules to the contrary, including, but not limited to, Bankruptcy Rules 7062 and 1018, (i) this Order shall be effective immediately and enforceable upon its entry; (ii) the Foreign Representative and the DIP Lenders are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order; and (c) the Foreign Representative and the Debtors are authorized and empowered, and may in their discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

13. A copy of this Order shall be served (i) within three business days of entry of this order, by electronic mail to the extent email addresses are available and by United States mail, overnight or first-class postage prepaid, upon the Notice Parties (as defined in the *Motion for Order Scheduling Recognition Hearing and Specifying Form and Manner of Service of Notice*), the Office of the United States Trustee, and such other entities as the Court may direct and (ii) by posting on the Foreign Representative's website at http://www.pwc.com/ca/en/services/insolvency-assignments/pacific.html. Further, publication notice of this order will also be provided in the international edition of the Wall Street Journal. Such service shall be good and sufficient service and adequate notice for all purposes.

14. The Court shall retain jurisdiction with respect to: (i) the enforcement, amendment or modification of this order; (ii) any requests for additional relief or any adversary proceeding brought in or through these Chapter 15 Cases; and (iii) any request by an entity for relief from the provisions of this order, for cause shown, as to any of the foregoing, and provided the same is properly commenced and within the jurisdiction of this Court.

Dated: New York, New York
      June 10, 2016

/s/ *James L. Garrity, Jr.*
_____
UNITED STATES BANKRUPTCY JUDGE